**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10263 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00248-WBS-10 |
| v. | |
| MARCO ANTHONY GOMEZ, Jr., AKA Silky, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10265 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00248-WBS-9 |
| v. | |
| BENJAMIN SANTOS CASTRO, AKA Santos Benjamin Castro, AKA Reaper, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10266 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00248-WBS-11 |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

EDWARD FUENTES,

        Defendant - Appellant.

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted on November 4, 2013
San Francisco, California

Before: FARRIS, FERNANDEZ, and IKUTA, Circuit Judges.

The defendants, Marco Gomez, Benjamin Castro, and Edward Fuentes, were sentenced to incarceration (300 months, 300 months, and 240 months, respectively) after pleading guilty to conspiracy to manufacture or possess and distribute a controlled substance under 21 U.S.C. §§ 841(a)(1), 846, and use of a communication facility for the purpose of drug trafficking under 21 U.S.C. § 843(b). The defendants now appeal these sentences, alleging various procedural errors and also substantive unreasonableness. We have jurisdiction under 28 U.S.C. § 1291; *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We AFFIRM .

The district court committed no procedural error in sentencing Gomez to 300 months incarceration. The court considered all of the statutorily required factors under the Guidelines and 18 U.S.C. §3553(a), of which the "lack of youthful guidance" is

not included. *See United States v. Ameline*, 409 F.3d 1073, 1093 (9th Cir. 2005) (en banc) (Wardlaw, J., concurring in part and dissenting in part) ("district courts *may* even consider…lack of guidance as a youth" (emphasis added)). Moreover, the district court did not categorically reject the argument regarding lack of youthful guidance. It acknowledged that in some cases it may be an appropriate consideration at sentencing. Further, the court did not err in refusing to grant Gomez the full 3-point reduction for "Acceptance of Responsibility" under U.S.S.G. §3E1.1(b). The Guideline provides for an additional one-point reduction "upon motion of the government," and here no such motion was made. U.S.S.G. §3E1.1(b). The district court correctly concluded that the government's decision to not move for the additional one-level reduction was not irrational or arbitrary. Fuentes pleaded guilty at an earlier date than Gomez. The district court also properly considered that the three-day sentencing hearing placed additional burden on the government. The court adequately explained its above-Guidelines sentence in an extensive memorandum and in discussion at sentencing .

Castro's sentence is also procedurally and substantively sound. The district court relied on sufficient evidence including the testimony of two witnesses to find a

manager/supervisor aggravator under U.S.S.G. §3B1.1(c).[1] The court considered all of the statutorily required mitigating factors under 18 U.S.C. §3553(a): criminal history was addressed in depth during the Guidelines calculation, as was Castro's role in the offense. While the court did not explicitly mention education and vocational training, arguments based on these factors were waived because they were not raised to the district court. Moreover, it ought not be assumed that the court did not consider this factor simply because it did not "tick [it] off" in its sentence. *United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc). Lack of youthful guidance and rehabilitative potential can properly be considered but are not included as §3553(a) factors that <u>must</u> be considered. Here, the district court considered them, but gave them little weight.

Castro's sentence is also substantively reasonable—it is not the "rare occasion" that requires vacatur. *United States v. Ressam*, 679 F.3d 1069, 1087 (9th Cir. 2012) (en banc). Castro was convicted of trafficking methamphetamine and was a "regiment commander" in a conspiracy run by a dangerous prison gang, "Nuestra Familia." Moreover, he could properly be considered a dangerous person: he was on parole at

---

[1]Castro's reliance on *United States v. Harper* is misplaced. *Harper* holds only that a role-aggravator must be supported by "specific findings" of evidence of leadership, and not mere increased culpability. *United States v. Harper*, 33 F.3d 1143, 1150-51 (9th Cir. 1994). Even inferences from evidence are acceptable. *Id.* Here there is direct evidence.

the time of his arrest, and has been convicted of three batteries and two assaults with a deadly weapon. Castro's sentence is also within the range established by the United States Sentencing Commission. *See Carty*, 520 F.3d at 994.

The sentence of Fuentes was also substantively reasonable. Fuentes was a high level member of the Nuestra Familia prison gang, reporting directly to one of its "Generals" and tasked with creating a new "regiment" in the community of Merced. He was convicted of trafficking a large amount of methamphetamine and cocaine. When he was younger he was convicted of voluntary manslaughter for his involvement in a Nuestra Familia murder, and after his release from prison he immediately returned to working with the gang. His sentence was above the guidelines range, but considering the totality of circumstances, it was not unreasonable.

AFFIRMED.